106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin HAMMONS, Defendant-Appellant.
 No. 95-2212.
 United States Court of Appeals, Sixth Circuit.
 Dec. 26, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Kevin Hammons appeals the district court's order denying his motion to dissolve a writ of garnishment against the Detroit Teachers Credit Union, which was issued to collect on a judgment against him for failing to pay federally guaranteed student loans. Because the United States fully complied with all the requirements necessary for a writ of garnishment to issue and because Hammons's assignments of error are wholly without merit, we affirm.
 
 
 2
 * From October 7, 1974 to October 19, 1977. Hammons secured $7,050 in student loans, which were insured by the Department of Education. After the loans came due, Hammons defaulted and the holder filed a claim with the Department of Education, pursuant to 20 U.S.C. § 1080, for payment and assigned all its rights to the United States.
 
 
 3
 On April 25, 1985, the United States sued Hammons to recover on the loan, and a consent judgment was entered against him in the United States District Court for the Eastern District of Michigan on August 5, 1985, for $4,867 plus accrued interest. Postjudgment interest then accrued pursuant to 28 U.S.C. § 1961.
 
 
 4
 In December 1989, the case was assigned to the law firm of Holzman and Holzman, private counsel for the Department of Justice. Shortly thereafter, Holzman and Holzman contacted Hammons, who indicated that he was working as a substitute teacher and earning only minimal amounts of money. Based on this representation, Holzman and Holzman agreed to accept payments of $50 per month, barely covering the interest that was accruing each month.
 
 
 5
 In the spring of 1995, during a periodic investigation, Holzman and Holzman obtained a credit report on Hammons that indicated that he had leased a new Jeep. It then subpoenaed a copy of the credit application he had submitted. The application indicated that Hammons was a self-employed attorney earning $5,500 per month and that he had at least one account at Detroit Teachers Credit Union. The application also disclosed the price of the vehicle, $28,000, and indicated that his monthly payments on the vehicle were $411.07. As a result of this discovery, Holzman and Holzman wrote to Hammons advising him that payments of $300 per month would be expected beginning August 1, 1995.[2] Hammons refused to divulge any financial information to the law firm and refused to pay $300 per month, submitting a payment for only $50 in August. As a result, the United States caused two writs of garnishment to be issued. The first was directed to Wayne County[3] and the second to Detroit Teachers Credit Union. Detroit Teachers Credit Union filed a disclosure indicating that Hammons had $9,757.87 on deposit,[4] and Wayne County sent a check for $2,173 to Holzman and Holzman.[5]
 
 
 6
 Subsequently, Hammons filed a motion to dissolve the writs of garnishment. The motion was heard on October 3, 1995. Following the hearing, the district court dissolved the writ of garnishment against Wayne County because the garnishment against Detroit Teachers Credit Union fully satisfied the claim of the United States. The court, however, refused to dissolve the writ of garnishment against Detroit Teachers Credit Union.
 
 II
 
 7
 Hammons raises five grounds for overturning the district court's order denying his motion to dissolve the writ of garnishment: (1) the writ should have been dissolved because he was never served with a copy of the writ or given an opportunity for a hearing prior to the writ being issued as, required by 28 U.S.C. §§ 3101(a)(2) and 3101(a)(3); (2) the writ was defective because the United States failed to comply with requirement "under 28 U.S.C. § 3205(b)(5)"; (3) the writ was defective because the United States failed to serve Hammons a copy of the writ and failed to certify to the court that it had done so, as required by 28 U.S.C. § 3105; (4) the judge, and not the court's clerk was required to issue the writ; and (5) the United States could not avail itself of a prejudgment remedy pursuant to 28 U.S.C. § 3105(b) in the absence of notice to Hammons. All Hammons's assignments of error are without merit. Because Hammons's first and third grounds for reversal are essentially the same, we deal with them together.
 
 
 8
 Hammons's arguments that he was never properly served with a copy of the writ or given an opportunity for a hearing as required by 28 U.S.C. §§ 3101(a)(2), 3101(a)(3), and 3105 are baseless because he relies on sections dealing only with prejudgment remedies. The United States in this action is pursuing a postjudgment remedy. Thus, the sections Hammons cites are inapplicable. Moreover, the record clearly establishes that the United States complied with the service requirements for a postjudgment writ of garnishment when it certified to the court that a copy of the writs had been served to Hammons by first class mail on August 22, 1995. See 28 U.S.C. § 3205(c)(3).[6]
 
 
 9
 Hammons's second assignment of error is equally baseless. First, as an initial matter, we note that Hammons cites a subsection of 28 U.S.C. § 3205 that does not exist.[7] Second, even had Hammons cited the correct subsection, which is 28 U.S.C. § 3205(b)(1)(B), his argument could not prevail. There is nothing in this section that requires the United States to wait thirty days after each demand for payment before it can seek a writ of garnishment. Rather, the statute only requires that the United States wait thirty days following the initial demand for payment. The United States clearly satisfied this requirement when it received the consent judgment on August 5, 1985.
 
 
 10
 Next, Hammons argues that 28 U.S.C. § 3015(c) requires that a writ of garnishment be issued only by a judge rather than the court's clerk. See Appellant's Brief at iii. Again, Hammons's argument lacks merit. Initially, we note that 28 U.S.C. § 3015(c) does not exist. More importantly, however, there is no indication that 28 U.S.C. § 3205(c)(1),[8] the applicable statute, requires such a construction. The word "court," which is used in § 3205(c)(1), is defined at 28 U.S.C. § 3002(2) as "any court created by the Congress of the United States, excluding the United States Tax Court." Had Congress intended for judges to be the only court personnel able to issue a writ of garnishment, it certainly would have defined "court" differently or used the word "judge."
 
 
 11
 Moreover, the purpose of the requirement that a writ of garnishment issue from the court is not undermined by having the court's clerk review and issue the writ. A litigant is still required to follow the statutory procedures for a writ of garnishment to issue, and thus, he cannot arbitrarily seize and control the assets of another. When a writ issues from the court's clerk, under judicial control, the court is acting, even though a judge does not have to deal personally with this time-consuming routine matter.
 
 
 12
 Hammons's final argument is also baseless. 28 U.S.C. § 3105(b) deals with the availability of sequestration, a prejudgment remedy. As discussed above, this case does not involve a prejudgment remedy. Moreover, the United States never asked for a writ of sequestration.
 
 III
 
 13
 As all of Hammons's assignments of error are without merit, the district court's order denying his motion to dissolve the writ of garnishment against the Detroit Teachers Credit Union is AFFIRMED.
 
 
 
 [1]
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [2]
 The sum of $300 per month was determined as a rate that would liquidate the judgment in three years at 7% annual interest. This amount was within the guidelines supplied to Holzman and Holzman by the United States Department of Justice
 
 
 [3]
 The writ was directed to Wayne County because Hammons was receiving legal assignments from Recorder's Court and Wayne County Circuit Court
 
 
 [4]
 The full amount of the judgment plus interest. From the record, it appears that Hammons in fact has over $50,000 deposited with Detroit Teachers Credit Union
 
 
 [5]
 The check for $2,173 was salary that Wayne County owed Hammons
 
 
 [6]
 28 U.S.C. § 3205(c)(3) provides that "[t]he United States shall serve the garnishee and the judgment debtor with a copy of the writ of garnishment and shall certify to the court that this service was made."
 
 
 [7]
 In his brief Hammons argues that "the writ of garnishment under 28 U.S.C. 3205(b)(5) was defective due to a failure of compliance to the thirty days since requirement." Appellant's Brief at iii. 28 U.S.C. § 3205(b) contains only two subparts, however
 
 
 [8]
 Section 3205(c)(1) provides: "If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."